UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| BYRON TERRELL SMITH, SR., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-107-ACL |
| JOE Z. SATTERFIELD, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Byron T. Smith, Sr., an inmate at the Mississippi County Detention Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this case without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit an inmate account statement in support of the instant motion. However, the Court will not require him to file one at this time and will instead assess an initial partial filing fee of $1.00. Any claim that plaintiff is unable to pay this amount must be supported by a certified copy of his inmate account statement.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015)

(quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Attached to the complaint are copies of records from the Missouri State Court criminal case *State of Missouri v. Byron Smith*, No. 14MI-CR00143-01 (33rd Jud. Cir. 2014), in which plaintiff is charged with first-degree statutory sodomy and first-degree statutory rape. The Court has reviewed the records of that case on Missouri Case.net, the State of Missouri's online docketing system. The Honorable Joe Z. Satterfield served as the presiding judge in that matter until July 23, 2019, when a new judge was assigned. As of the date of this Memorandum and Order, those charges remain pending against plaintiff. This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Judge Satterfield. He states he brings a claim of racial discrimination. In support, he alleges that when Judge Satterfield was presiding over his criminal case, he was "motivated solely by racism to take my bond without a just legit cause," and "committed perjury" by issuing a "frivolous warrant for

3

arrest" that contained "an unsupported lie that the Bonding Agency person Lavonda Walker and Walker Bail Bonds was not qualified in the State of Missouri." Plaintiff also alleges that on June 4, 2019 his bond was set twice as high as it was when plaintiff was originally on bond because of a "fabricated lie and bogus warrant." The complaint continues in this manner, with plaintiff alleging that Judge Satterfield told "numerous unproved made up lies" and was "racially motivated in all his decisions" regarding plaintiff's bond.

Plaintiff attached to the complaint copies of the arrest warrant and Judge Satterfield's June 4, 2019 order setting plaintiff's bond at $500,000, 10% cash or surety. The arrest warrant notes that the bondsman and bail bond company that agreed to insure plaintiff's appearance were no longer qualified in the State of Missouri, and the bond therefore could not be enforced. In the order setting bond, Judge Satterfield wrote he was setting bond at that amount in consideration of the history of the case, plaintiff's criminal record, and his behavior when previously out on bond.

As relief, plaintiff asks this Court to remove Judge Satterfield from the case and appoint a new judge, and report Judge Satterfield to "the disciplinary committee for judges and or remove him from the bench." Plaintiff also seeks a total of $4 million in damages because he "was unjustly put in jail."

**Discussion**

Plaintiff seeks damages against Judge Satterfield for wrongs he allegedly committed in the course of his judicial duties. These claims will be dismissed. Judges are absolutely immune from civil lawsuits based on alleged judicial misconduct. *Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). This judicial immunity is subject to two exceptions: (1) when a judge does not act within his judicial capacity, or (2) when a judge takes judicial action in the absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

4

"[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 12.

In the case at bar, Judge Satterfield's allegedly unlawful actions – deciding the amount of plaintiff's bond and issuing a warrant – were judicial in nature. Additionally, plaintiff is a criminal defendant in a case over which Judge Satterfield presided at the time of the alleged wrongdoing, and therefore dealt with Judge Satterfield in his judicial capacity. Finally, Judge Satterfield, acting as an Associate Circuit Judge in the 33rd Judicial Circuit Court, took judicial action pursuant to the jurisdiction granted by the Missouri Constitution. *See* Mo. Const. art V, §§ 15, 17. Because Judge Satterfield's allegedly wrongful acts were done within his judicial capacity and with proper jurisdiction, he is absolutely immune from suit.

After filing the complaint, plaintiff filed an unsigned letter. Therein, he wrote that one Joe Ross "has been open up my legal mail, coming to E-Pod telling all inmates that I got out a lawsuit on the County Jail, and if they need a lawyer ask Byron Smith to help them." Plaintiff also writes "the Co's be picking with me, got me scared, Co's be bulling [*sic*] me by threatening to taser me . . . they got it out for me!" Even if these statements had been included in plaintiff's signed complaint, they would fail to state claims of constitutional magnitude. Plaintiff's statement regarding his legal mail establishes neither an ongoing practice of interference with mail by prison officials nor an actual injury as described in *Lewis v. Casey*, 518 U.S. 343, 351 (1996) and *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). Additionally, the verbal threats of the unidentified corrections officers are not actionable under § 1983. *See, e.g., McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Martin v. Sargent*, 780 F.2d 1334, 1338

(8th Cir. 1985). Therefore, the Court concludes that it would be futile to allow plaintiff to amend his complaint to include the allegations in the letter.

The Court has thoroughly reviewed and liberally construed plaintiff's complaint and the allegations in his letter, and concludes that none of plaintiff's allegations state an actionable claim for relief. The Court also concludes that the deficiencies cannot be overcome by amendment. The Court will therefore dismiss this case at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of September, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE